UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

EDWARD JOHNSON                          CIVIL ACTION NO. 3:13-cv-1496
     LA. DOC #118578
VS.                                     SECTION P

                                        JUDGE JAMES T. TRIMBLE, JR.

FRANK DEAR AND
HENDON HENRY                            MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Edward Johnson, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on June 3, 2013. Plaintiff is an inmate in the

custody of Louisiana's Department of Corrections. He is incarcerated at the Allen Correctional

Center, Kinder, Louisiana; however, he complains that he was wrongfully prohibited from

participating in the work-release program at the Richland Detention Center (RDC) in June, 2010.

He sued Captain Frank Dear, who supervises the program, and Nurse Hendon Henry. He seeks

an order directing the defendants to enroll him in work-release and the back pay he would have

earned had he not been discharged. This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the

standing orders of the Court. For the following reasons it is recommended that the complaint be

**DISMISSED WITH PREJUDICE** as frivolous and malicious.

*Statement of the Case*

Plaintiff was previously incarcerated at the RDC where he was assigned to a work-release

program as a field worker at Dawson Farms.  On or about the latter part of June 2010, Hendon

Henry, the RDC Nurse, advised Captain Dear, the work-release supervisor, that plaintiff was HIV

positive.  Based upon that information, Dear advised plaintiff that he was no longer eligible to participate in the work-release program and he was immediately terminated.

The Court records indicate that plaintiff filed an identical complaint in this Court on July 25, 2011.  In that complaint plaintiff alleged that he was incarcerated at the River Bend Detention Center; however, he complained that he was unlawfully discharged from the RDC work-release by Capt. Dear when the Captain was advised by Nurse Henry that plaintiff was HIV positive. On October 25, 2011, the undersigned authored a Report recommending dismissal of plaintiff's complaint for failing to state a claim for which relief might be granted, and on November 30, 2011 Judge Robert G. James adopted the report and recommendation and entered judgment accordingly. *See Edward Johnson v. Frank Dear and Nurse Henry*, Civil Action No. 3:11-cv-1387 at Docs. 1 (Complaint), 7 (Report and Recommendation), and 8 (Judgment).

### *Law and Analysis*

Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. §1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986).

The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted.  *Green*, 788 F.2d at 1119.

## 1. Malicious

If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(d) as malicious." See *Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive or malicious and dismissed under the authority of Section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").  Or, put another way, "[w]hen declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple--but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

Plaintiff's pending civil action is identical to Civil Action No. 3:11-cv-1387 which was dismissed with prejudice for failing to state a claim in November 2011. Plaintiff has clearly abused the privilege of litigating *in forma pauperis*; the instant civil action is clearly vexatious and  malicious and dismissal is appropriate.

## 2. Frivolous

The district court is also authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v.*

3

*Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues.  *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).  However, the date of accrual for a §1983 claim is a question of federal law.  *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim.  *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim accrued in the latter part of June, 2010.  The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action.  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Plaintiff's complaint was filed well  beyond the 1-year period of limitations and therefore, is also subject to being dismissed as frivolous.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's complaint be **DISMISSED WITH PREJUDICE** as malicious and frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, August 7, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE